[No. E010053. Fourth Dist., Div. Two. Sept. 21, 1992.]

KENNETH ELDON KESSLER, Plaintiff and Appellant, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Respondent.

COUNSEL

J. Thomas Sherrod for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Henry G. Ullerich and Christopher C. Foley, Deputy Attorneys General, for Defendant and Respondent.

OPINION

McKINSTER, J.—Petitioner Kenneth Eldon Kessler appeals from the judgment denying his petition for a writ of mandamus in which petitioner sought to compel respondent Department of Motor Vehicles to vacate its order suspending petitioner's driving privilege for one year pursuant to Vehicle

Code section 23157[1] on the ground petitioner refused to submit to a blood-alcohol test after his arrest for driving under the influence of alcohol.

STATEMENT OF FACTS[2]

Petitioner was lawfully arrested for a violation of Vehicle Code section 23152, driving under the influence of alcohol, on December 9, 1990, in the city of Bishop. The arresting officer properly advised petitioner of petitioner's obligations under Vehicle Code section 23157, the implied consent law, and petitioner selected a urine test. The arresting officer took petitioner to a holding cell facility to administer the test and explained the urine collection procedure to petitioner. Specifically, the arresting officer told petitioner it would be necessary for petitioner first to empty his bladder of all urine and after waiting a period of 20 minutes after petitioner's initial voiding of his bladder, petitioner would be required to produce a second urine specimen for analysis of blood-alcohol level. Petitioner acknowledged he understood the officer's explanation.

Petitioner attempted to produce urine for the initial voiding but was unable to do so, having urinated prior to his arrest. Petitioner told the arresting officer that petitioner's bladder effectively was void of urine. The arresting officer, concluding petitioner had failed to perform the initial voiding of the bladder, refused to start the 20-minute waiting period incident to production of the urine sample which would be analyzed. The arresting officer then offered petitioner the opportunity to take a blood or breath test, both of which petitioner refused.

Relying on the foregoing facts, derived from the transcript of petitioner's administrative hearing, the trial court determined, "Title 17, California Code of Regulations, Section 1219.2(a) states that '[T]he only approve [sic] urine sample shall be a sample collected no sooner than twenty minutes after first voiding the bladder.' The court is of the opinion that some demonstrable

---

[1]Vehicle Code section 23157, subdivision (a)(1) provides in pertinent part, "Any person who drives a motor vehicle is deemed to have given his or her consent to chemical testing of his orher blood, breath, or urine for the purpose of determining the alcoholic content of his or her blood . . . if lawfully arrested for any offense allegedly committed in violation of Section 23152 or 23153. The testing shall be incidental to a lawful arrest and administered at the direction of a peace officer having reasonable cause to believe the person was driving a motor vehicle in violation of Section 23152 or 23153. The person shall be told that his or her failure to submit to, or the failure to complete, the required chemical testing will result in a fine, mandatory imprisonment if the person is convicted of a violation of Section 23152 or 23153, and . . . suspension of the person's privilege to operate a motor vehicle for a period of one year . . . ."

[2]The underlying facts are not disputed and are taken from the trial court's statement of decision.

voiding of the . . . bladder in the presence of the officer administering the test is appropriate prior to taking a urine specimen for testing purposes. As the Court of Appeal states in *Miles* v. *Alexis* (1981) 118 Cal.App.3d 555, [559] [173 Cal.Rptr. 473], '. . . it is clearly necessary under this procedure to urinate twice.' "

Consistent with the view that "first voiding the bladder" necessitated some demonstrable urination by petitioner, the trial court concluded, "Petitioner's inability to void his bladder within a reasonable time after being instructed to do so rendered him incapable of completing the urine test, and required him to select and complete one of the remaining two chemical tests. Petitioner's refusal to submit to testing of his breath or blood under these circumstances constituted a violation of his obligation under Vehicle Code Section 23157, and respondent acted appropriately in suspending petitioner's driving privilege."

DISCUSSION

In pursuing this appeal, petitioner acknowledges the procedure for obtaining a urine sample is set forth in California Code of Regulations, title 17, section 1219.2, subdivision (a) which, as set out above, provides, "The only approved urine sample shall be a sample collected no sooner than twenty minutes after *first voiding the bladder*." (Italics added.) Petitioner does not dispute the validity or legal force and effect of this regulation. █ Instead, petitioner asserts the purpose of the emphasized language is to ensure the subject's bladder is void of urine because "the validity of the timed specimen is dependent upon the accumulation of urine in the subject's bladder over the minimum 20 minute period after the bladder has been completely emptied of urine." Petitioner argues because the purpose of the emphasized language is to establish the subject's bladder is void of urine before obtaining the urine sample which is retained and analyzed, and the "requirement of a voided bladder" ultimately only can be established by the subject's statement that the subject is unable to urinate, the subject should be permitted to establish his bladder is void of urine by saying so and without actually "voiding" or urinating in the presence of the administering officer. In other words, petitioner argues we should interpret the phrase "first voiding the bladder" to mean "proof the bladder is first voided" which proof may include either some demonstrable urination in the presence of the administering officer or the subject's statement that the subject's bladder is empty. We decline to interpret the emphasized language in the manner suggested by petitioner.

In our view, the phrase "first voiding the bladder" specifies the method for achieving the underlying purpose of ensuring the subject's bladder is void of

urine before the subject provides the timed urine specimen. That method requires the subject to urinate twice, first to void the bladder and next to provide the timed urine specimen which actually is analyzed. (*Miles* v. *Alexis, supra,* 118 Cal.App.3d at p. 559.)[3] Consequently, because the language is clear and unambiguous, we decline to interpret the phrase "first voiding the bladder" to require only proof the subject's bladder first is voided.

In short, we conclude, as did the trial court, that "first voiding the bladder," means the subject must first empty his or her bladder by urinating some demonstrable amount in the presence of the administering officer and until the subject can no longer urinate. Although the subject may be asked to confirm that he or she can no longer urinate, such confirmation does not eliminate the need for the subject first to urinate in the presence of the officer administering the test. Consequently, and contrary to petitioner's assertion, in order to comply with California Codes of Regulation, title 17, section 1219.2 and produce "a sample collected no sooner than twenty minutes after first voiding the bladder," the subject must urinate twice, and both times in the presence of the officer administering the test.

Our interpretation of the phrase "first voiding the bladder" as requiring some demonstrable urination by the subject in the presence of the officer administering the test not only is consistent with the plain meaning of the words used in section 1219.2 but also with the underlying purpose of promoting the accuracy of the subsequent timed urine specimen. Although section 1219.2, subdivision (a) does not expressly state the "first voiding of the bladder" shall occur in the presence of the officer administering the test, we are of the view that such a requirement is implicit in the specified procedure. Unless the administering officer actually observes some demonstrable urination by the subject, the underlying purpose of achieving a voided bladder cannot be established objectively. Petitioner's suggested interpretation, requiring only proof the bladder is void of urine, effectively would eliminate objective verification. Under petitioner's interpretation, the accuracy of the timed specimen, which depends on the collection of urine in the subject's bladder for no less than 20 minutes, would turn on the veracity of the subject and the reliability of the subject's determination that his or her bladder is void of urine. While our interpretation of the language in question will not guarantee the subject's bladder is void of urine, our interpretation is

---

[3]Although the issue in *Miles, supra,* was whether the subject complied with the procedure set out in California Code of Regulations, title 17, section 1219.2 when the subject initially voided his bladder but was unable to provide the timed urine specimen 20 minutes later, we nevertheless view that court's interpretation of section 1219.2 as instructive on the issue here in question.

preferable to petitioner's, which would rely entirely on the subject's own evaluation to establish that the underlying purpose had been accomplished.

For these same reasons, we are of the view that our interpretation is consistent with the goal of achieving uniform administration of the three intoxication tests authorized in Vehicle Code section 23157. Uniform administration of the urine test requires a standardized procedure which enables any officer administering that test to determine objectively that "first voiding the bladder" has occurred. A procedure which requires some demonstrable urination by the subject in the presence of the administering officer leaves little or no room for variation in administration of the urine test. Under petitioner's proposed interpretation, uniform administration would be impossible, unless we require officers always to accept the subject's statement that his or her bladder is void of urine. We are unwilling, for obvious reasons, to establish a procedure based on a requirement which would eliminate any discretion on the part of the administering officer, particularly where, as here, the subject's faculties presumably are impaired by alcohol consumption.

Accordingly, we conclude, based on each of the reasons previously discussed, the requirement of "first voiding the bladder" set forth in California Codes of Regulation, title 17, section 1219.2, subdivision (a) is satisfied only when there is some demonstrable urination by the test subject in the presence of the officer administering the test. Consequently, we conclude the trial court properly denied the petition for writ of mandate and correctly concluded petitioner was unable to complete the urine test by "first voiding his bladder," which required some demonstrable urination in the presence of the administering officer. Petitioner's inability to complete the urine test required petitioner to select and complete one of the two remaining intoxication tests. Petitioner's refusal to submit to testing of his breath or blood under these circumstances constituted a violation of petitioner's obligation under Vehicle Code section 23157, thereby supporting respondent's suspension of petitioner's driving privilege.

### DISPOSITION

The judgment is affirmed.

Dabney, Acting P. J., and Hollenhorst, J., concurred.

Appellant's petition for review by the Supreme Court was denied December 2, 1992.